IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
MEDIA GENERAL OPERATIONS,       *
INC.,                           *
                                *
        Plaintiff,              *
                                *
     v.                         *
                                *   1:16-cv-26
SCHURZ COMMUNICATIONS, INC.,    *
WAGT TELEVISIONS, INC., and     *
GRAY TELEVISION GROUP, INC.,    *
                                *
        Defendants.             *
                                *
```

**O R D E R**

Plaintiff originally filed this case in the Superior Court of Richmond County on February 3, 2016. (Doc. 1, Ex. 1). On March 2, 2016, Defendants removed this action to this court on the basis of federal-question jurisdiction. (Doc. 1) see 28 U.S.C. § 1331. More specifically, Defendants argue that this Court has jurisdiction pursuant to the substantial-federal-question doctrine. See Grable & Sons Metal Prods., Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005). On March 4, the Court held an in-person hearing and heard argument from all parties regarding subject-matter jurisdiction over this case. (Doc. 26). At Defendants' request, the Court permitted further briefing on the jurisdiction issue and continued the hearing until March 10. (Id.) Plaintiff subsequently filed a motion to remand and for attorneys' fees and its brief in support of those

motions (Docs. 31-32), and Defendants filed an opposition brief. (Doc. 34). On behalf of the Federal Communications Commission, the Department of Justice filed a Statement of Interest of the United States. (Doc. 33).

For the reasons stated during the March 10, 2016 telephone hearing, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims. See Gunn v. Minton, 133 S.Ct. 1059, 1065 (2013) ("federal jurisdiction over a state law claim will lie if a federal issues is:(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.").

With respect to Plaintiff's motion for attorneys' fees under 28 U.S.C. § 1447(c) (Doc. 32 at 23), the Court finds that attorneys' fees are not warranted because Defendants presented good-faith, though unconvincing, arguments for the existence of subject-matter jurisdiction on the grounds that federal law caused the termination of the parties' Joint Sales Agreement. The Court has no opinion on the merits of that argument, except in finding that it does not confer jurisdiction on this Court.

Pursuant to 28 U.S.C. § 1447(c), the Court **ORDERS** that this case shall be **REMANDED** to the Superior Court of Richmond County, Georgia. It is **FURTHER ORDERED** that this Order shall be served upon the Clerk of Court for the Superior Court of Richmond County, Georgia. The Court also **DENIES AS MOOT** Plaintiff's

Emergency Motion for Entry of Preliminary Injunction Order. (Doc. 7). Finally, the Clerk is **DIRECTED** to **TERMINATE** all motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of March, 2016.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

3